**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-25484-CIV-GAYLES/D'ANGELO**

BRIAN EVANS,

      Plaintiff,

vs.

CREATIVE ARTISTS AGENCY, LLC
and STEVE LEVINE,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**
**GRANTING DEFENDANTS' MOTION TO DISMISS**

    **THIS CAUSE** is before the Court upon Defendants Creative Artists Agency, LLC and

Steve Levine's Motion to Dismiss for Lack of Diversity and Lack of Personal Jurisdiction filed on

December 16, 2025 (DE 34).[1]  Plaintiff Brian Evans filed a response in opposition on December

18, 2025 (DE 39).  Defendants filed a reply on December 30, 2025 (DE 50).  The Court held a

hearing on all pending motions on February 25, 2026, at which it addressed issues and motions

related to Defendants' Motion to Dismiss (DE 106).  On February 25, 2026, Defendants filed

sealed exhibits to their Motion to Dismiss that were inadvertently not filed sooner (DE 107).  The

Court permitted Plaintiff to file a sur-reply to the Motion to Dismiss in order to present arguments

in opposition to the personal jurisdiction challenge over Defendant Levine, which Plaintiff timely

filed on March 4, 2026 (DE 108, 109).  Having considered the Parties' arguments, the relevant

legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the

premises, for the reasons discussed below, it is hereby respectfully recommended that the Motion

---

[1] This case was referred to the undersigned Magistrate Judge for all pre-trial, non-dispositive
matters and for a Report and Recommendation on any dispositive matters (DE 42).

to Dismiss (DE 34) be **GRANTED** for lack of subject matter jurisdiction and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

## I.   FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On November 21, 2025, Plaintiff filed his Complaint for Fraudulent Inducement, Intentional Inflection of Emotional Distress, Fraudulent Concealment, Breach of the Covenant of Good Faith and Fair Dealing, Declaratory Relief, Recission of Contract, and Tortious Interference with Prospective Economic Advantage (*see generally* DE 1).  In the Complaint, Plaintiff alleges that he is a professional entertainer, producer, author, recording artist, and singer residing in Florida (*id.* at 7).  Defendant Creative Artists Agency, LLC ("CAA") is a nationwide entertainment and talent agency that represents artists who appear at high profile events (*id.* at 7-8).  Defendant Levine is an employee of CAA (*id.* at 8).  Plaintiff alleges that he acted as a whistleblower in reporting misconduct by one of CAA's clients, which lead to subsequent retaliation by Defendants (*id.* at 2).  Plaintiff alleges that after a longstanding professional relationship with Defendants, he reported to Defendants that he received "explicit, perverse videos from a CAA client," and Defendants then withdrew every promised opportunity from Plaintiff and tried to silence him permanently (*id.* at 3).

Plaintiff alleges that Defendants forced him to enter into a series of settlement agreements when he was medically vulnerable and psychologically destabilized (*id.*).  According to Plaintiff, Defendants were not a party to the first settlement agreement but inserted themselves into later versions of the settlement agreement (*id.* at 4-5).  Plaintiff seeks recission of the Second Settlement Agreement, declaratory relief establishing the invalidity of an undated dismissal, compensatory and punitive damages, and injunctive relief, preventing Defendant from enforcing or relying on the enforcement agreement and dismissals (*id.* at 5).

As to the Court's jurisdiction, Plaintiff alleges that he is a citizen of Florida (*id.* at 5). Plaintiff alleges that CAA is a limited liability company organized under the laws of Delaware with its principal place of business in California, and "[u]pon information and belief," CAA has no members who reside in Florida (*id*. at 7). Plaintiff alleges Defendant Levine resides in California (*id*. at 8). Therefore, Plaintiff claims that the Court has subject matter jurisdiction under Title 28, United States Code, Section 1332(a), because the matter in controversy exceeds $75,000 and is between citizens of different states (*id*. at 5). Plaintiff alleges that the Court has personal jurisdiction over Defendants, because CAA conducts systematic and continuous business operations in Florida, represents well-known entertainers who perform in Florida venues, and maintains ongoing commercial relationships with Florida entities (*id*. at 6).

On December 16, 2025, Defendants filed their Motion to Dismiss, arguing that the Parties are not diverse, and the Court lacks personal jurisdiction over Defendant Levine (DE 34 at 2, 9). Defendants filed an affidavit of Katerina Krumwiede, an employee of CAA (DE 34-1). The Krumwiede Affidavit states that CAA is a Delaware entity owned by CAA Holdings, LLC, also a Delaware entity that is owned by several members, including CAA Equity 5, LLC (*id.*). CAA Equity 5, LLC is a Delaware entity that is owned by several members, including Perry M. Wolfman (*id.*). Defendants also filed an affidavit from Mr. Wolfman, which states that he is a member of CAA Equity 5, LLC, he has been domiciled in Florida since 2020, has been a resident of Florida since 2020, has a Florida driver's license and three vehicles registered in Florida, is registered to vote in Florida, owns real property in Florida where he resides, works in a CAA office in Miami Beach, pays taxes in Florida, and intends to remain in Florida permanently (DE 34-2). On February 26, 2026, Defendants filed exhibits to their Motion that were inadvertently omitted from the original filing (DE 107). The exhibits include a Cross Receipt showing Mr. Wolfman delivered

CAA Holding, LLC units of Project 33 LLC in exchange for his interest in the entity, Mr. Wolfman's Florida Driver's License, and Mr. Wolfman's Florida Voter Registration (DE 107-1, 107-2).

On January 6, 2026, Plaintiff filed a Motion for Leave to Serve Limited Jurisdictional Interrogatories, in which he requested leave to perform limited discovery tailored to the jurisdictional issues raised by Defendants (DE 54).  On February 25, 2026, the Court held a hearing, at which it heard the arguments of the Parties on this request for jurisdictional discovery (DE 106).  Notably, at the February 25, 2026 hearing, Plaintiff could not identify a genuine dispute of fact related to the citizenship of the Parties (DE 108 at 3).  Although Plaintiff was given multiple opportunities to articulate any grounds to warrant jurisdictional discovery, Plaintiff was only able to point to his distrust of Defendants' assertions "because Defendants are untruthful" (*id.*).  The Court therefore denied Plaintiff's request for jurisdictional discovery as to subject matter jurisdiction and granted Plaintiff's motion to file a limited sur-reply (*id.*).[2]

## II.    LEGAL STANDARD

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation omitted).  "[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).  "[W]e

---

[2] With respect to his request for jurisdictional discovery related to personal jurisdiction over Defendant Levine, however, Plaintiff articulated specific factual disputes that may warrant discovery (DE 108 at 4).  The Court denied that request without prejudice and stated, "Plaintiff may re-file his Motion requesting jurisdictional discovery regarding personal jurisdiction over Defendant Levine after the Court adjudicates the pending Motion to Dismiss, challenging subject matter jurisdiction" (*id.*).

cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Federal courts are courts of limited jurisdiction that are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution" and entrusted to them by a jurisdictional grant authorized by Congress. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). "When a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (citation omitted). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citation omitted). Courts must first determine whether there is subject matter jurisdiction before addressing the substantive issues. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1352 (11th Cir. 2008) ("We first consider our jurisdiction.").

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate if a plaintiff fails to show that the Court has subject-matter jurisdiction over the lawsuit. Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on facial or factual grounds. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Facial challenges to subject matter jurisdiction are based solely on the allegations in the Complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When considering such challenges, the Court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (citation omitted). "[W]hen a court confronts a 'factual' attack, it needn't accept the plaintiff's facts as true; rather, 'the district court is free to independently weigh facts' and make the necessary findings." *Gardner v. Mutz*, 962 F.3d 1329, 1340 (11th Cir. 2020) (citation omitted). The party invoking jurisdiction bears the burden of showing that the action falls within the Court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

## III.   DISCUSSION

Defendants argue that the Complaint should be dismissed for lack of subject matter jurisdiction and lack of personal jurisdiction over Defendant Levine (DE 34 at 1-2). Defendants assert that the only basis for jurisdiction alleged in the Complaint is diversity of citizenship, but Defendant CAA and Plaintiff are citizens of Florida, destroying complete diversity (*id.* at 6). Specifically, Defendants claim that Mr. Wolfman—a member of CAA Equity 5, LLC, which is a member of CAA Holdings, LLC, which is the sole member of CAA—has been domiciled in Florida since 2020, is a resident of Florida, works in a CAA office located in Miami Beach, pays taxes in Florida, has a Florida driver's license, has vehicles registered in Florida, and is registered to vote in Florida (*id.* at 8-9). Defendants argue that because Mr. Wolfman shares Florida citizenship with Plaintiff, there is no diversity jurisdiction in this case (*id.* at 9).

In response, Plaintiff states that Defendants' jurisdictional challenge relies on affidavits and internal LLC ownership materials uniquely within Defendants' possession (DE 39 at 7). Plaintiff further argues that Defendants have failed to conclusively establish complete diversity between the parties, because they have not shown "the nature, timing, or scope of any alleged Florida member's interest within the multi-tier LLC structure at the time the Complaint was filed,

6

nor whether such interest constitutes controlling membership sufficient to confer citizenship" (*id*. at 8).  According to Plaintiff, Defendants' diversity challenge fails, because Plaintiff had to rely on the legal identity of CAA as sued and served through its registered agent, and Plaintiff was not required to identify or plead the citizenship of every member within CAA's ownership structure (*id*. at 9).  Lastly, Plaintiff claims that the Wolfman Affidavit establishes only Mr. Wolfman's personal domicile, not the details about his membership interest, and the Krumwiede Affidavit fails to establish that CAA Equity 5, LLC was a member of CAA Holdings, LLC at the time the lawsuit was filed (*id*. at 10).

The Court first turns to, as it must, the jurisdictional issue of whether there is complete diversity among the Parties under Section 1332(a)(1), which gives district courts original jurisdiction over actions between citizens of different states where the amount in controversy exceeds \$75,000.[3]  28 U.S.C. § 1332(a)(1).  In the Complaint, Plaintiff alleges that CAA "is a limited liability company organized under the laws of the State of Delaware with its principal place of business in California[,]" and "[u]pon information and belief, none of CAA's members is a citizen of the State of Florida" (DE 1 at 5, 7).  With respect to himself, "Plaintiff is a citizen of the State of Florida" (*id.* at 5).  Defendants bring both facial and factual attacks on the jurisdictional allegations in the Complaint, arguing the facts set forth are insufficient to establish the Court's subject matter jurisdiction (DE 34 at 8).  Defendants also present extrinsic affidavits and evidence to show that Plaintiff and CAA are not diverse (*id*. at 8-9).

---

[3] Plaintiff argues that Defendants' Motion to Dismiss was untimely, because Defendants first filed "a seventeen-month-old stipulation of dismissal in open court" (DE 39 at 2).  But, the law is well-settled that the Court can consider subject matter jurisdiction at any time. *See Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) ("Under the law of this circuit, however, parties cannot waive subject matter jurisdiction, and we may consider subject matter jurisdiction claims at any time during litigation.").

"[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." *Id*.  "If any of the members share citizenship with an opposing party, diversity jurisdiction is defeated." *Ofer v. Millan*, No. 24-CIV-20888, 2025 WL 213834, at *14 (S.D. Fla. Jan. 16, 2025), *report and recommendation adopted,* No. 24-CIV-20888, 2025 WL 626022 (S.D. Fla. Feb. 26, 2025).  For an individual, "'[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.'  And domicile requires both residence in a state and 'an intention to remain there indefinitely . . . .'" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citations omitted).

Plaintiff's allegations in the Complaint fail to establish that the Court has subject matter jurisdiction over this case.  First, Plaintiff does not specifically list the citizenship of all members of CAA, as required.  "Those omissions mean that, on its face, [the Complaint] fails to establish diversity jurisdiction under § 1332(a)(2)." *Millan*, 2025 WL 213834, at *14 (citation omitted).  Second, Plaintiff alleges CAA's citizenship based on information and belief.  "It is *never* appropriate to plead jurisdictional allegations upon information and belief." *Admiral Ins. Co. v. VPRART, LLC*, No. 21-CIV-21312, 2021 WL 1318223, at *1 n.1 (S.D. Fla. Apr. 7, 2021); *see also Jiangmen Benlida Printed Cir. Co. v. Circuitronix, LLC*, No. 21-CIV-60125, 2021 WL 230178, at *2 (S.D. Fla. Jan. 22, 2021) ("[A]llegations based 'upon information and belief' are not a substitute for establishing jurisdictional facts." (citation omitted)).  Yet, even if Plaintiff was given an opportunity to cure these defective allegations of citizenship, Defendants' factual attack on the Court's jurisdiction is fatal to the Complaint.

Notwithstanding the failure to allege sufficiently CAA's citizenship, Defendant provided several declarations and exhibits that demonstrate a lack of diversity between the Parties.  Indeed, Defendants' evidence convincingly shows that Mr. Wolfman is a member of CAA Equity 5, LLC, which is a member of CAA Holdings, LLC, which is a member of Defendant CAA (DE 107-1). Defendants' evidence also shows that Mr. Wolfman is a citizen of Florida (DE 34-1, 34-2, 107-2). In response, Plaintiff does not provide any facts or evidence to the contrary.  Instead, Plaintiff falls back on two erroneous arguments.  First, Plaintiff claims that the Court must take all his assertions as true and draw all inferences in his favor, but Plaintiff loses the benefit of those presumptions in a factual attack.  *See Scarfo*, 175 F.3d at 960 ("This circuit has explained that in a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach, and the court is free to weigh the evidence . . . ."); *see also Lawrence*, 919 F.2d at 1529 (holding unlike facial attacks, in a factual attack "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (citation omitted)).

Next, Plaintiff claims that "Defendants have failed to conclusively establish complete diversity[,] because they have not shown the nature, timing, or scope of any alleged Florida member's interest within the multi-tier LLC structure at the time the Complaint was filed, nor whether such interest constitutes controlling membership sufficient to confer citizenship" (DE 39 at 8).  But, Plaintiff completely misapprehends that it is his burden to establish the Court's jurisdiction by a preponderance of the evidence, not Defendants' burden.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.").  And despite Plaintiff's protestations, a member's role or the size of his

9

interest is not determinative of that company's citizenship – "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Jacob v. Mentor Worldwide, LLC*, No. 20-CIV-10132, 2020 WL 13327503, at *1 (11th Cir. July 29, 2020) (citation omitted); *see also Sound Around, Inc. v. O'Donnell*, No. 23-CIV-12479, 2025 WL 2887175, at *5 (11th Cir. Oct. 10, 2025) ("Because it is 'common for [a limited liability company] to be a member of another' limited liability company, the 'citizenship of [limited liability companies] often ends up looking like a factor tree that exponentially expands every time a member turns out to be another' partnership or limited liability company." (citation omitted)). Plaintiff has thus failed to meet his burden of establishing complete diversity, as Defendant CAA and Plaintiff are both citizens of Florida. Accordingly, the Court lacks subject matter jurisdiction over this action.[4]

## IV.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss (DE 34) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(1) for lack of subject matter jurisdiction. It is further respectfully recommended that all pending motions be **DENIED AS MOOT** and that this case be **CLOSED**.

## V.   OBJECTIONS

The Parties will have fourteen (14) days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except upon grounds of plain

---

[4] The undersigned does not reach Defendants' remaining arguments for dismissal in light of the conclusion that the Court lacks subject matter jurisdiction to proceed.

error, if necessary, in the interest of justice.  *See* 28 U.S.C. § 636(b)(1)*; Thomas v. Arn*, 474 U.S.

140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

    **RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 30th day of April,

2026.

_____

ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:    *Pro Se* Plaintiff Brian Evans
       All Counsel of Record